IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J.R. EDMONSON, | § | |
|    *Mr. Edmondson* | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-2054 |
| | § | **JURY DEMANDED** |
| VAM USA, LLC, | § | |
|    *VAM* | § | |

## J.R. EDMONDSON'S ORIGINAL COMPLAINT

J.R. Edmondson files his Original Complaint against VAM USA, LLC.

### I.   PARTIES

1. J.R. Edmondson, ("Mr. Edmondson"), is a Texas resident.

2. VAM USA, LLC ("VAM") is a Texas limited liability company which may be served with process by and through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### II.   JURISDICTION

3. This Court has jurisdiction over the subject matter of this action under Title VII, 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. § 1981.

### III.   ADMINISTRATIVE REMEDIES

4. Mr. Edmondson has exhausted his administrative remedies. Mr. Edmondson timely filed a charge of discrimination against VAM with the Equal Employment Opportunity Commission ("EEOC"). Mr. Edmondson files this Complaint within 90 days of receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as **Exhibit A**.

## IV.     VENUE

5.      Venue is proper in the Southern District of Texas, Houston Division under 28 U.S.C. § 1391(b)(2) because it is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

## V.      STATEMENT OF FACTS

6.      Mr. Edmondson began his employment with VAM on or about January 28, 2008, as a utility worker.

7.      Mr. Edmondson was an exceptional employee.

8.      Mr. Edmondson had excellent performance reviews.

9.      Mr. Edmondson had no disciplinary issues.

10.     During his employment with VAM, on numerous occasions, Mr. Edmondson requested that VAM train him for advancement positions, but VAM refused to do so because of Mr. Edmondson's race—African American.

11.     Other non-African Americans with less seniority than Mr. Edmondson received the training Mr. Edmondson requested—but was denied because of his race—and were promoted to the positions Mr. Edmondson sought but was denied because of his race.

12.     In 2011, before becoming certified through VAM, Mr. Edmondson began performing the duties of a buck-on operator.

13.     The next year, in 2012, Mr. Edmondson took and passed VAM's advancement test to become a buck-on operator.

14. Despite having worked as a buck-on operator for roughly one year, and despite having passed VAM's test for the job, VAM refused to pay Mr. Edmondson the wages of a buck-on operator for four months after he passed the advancement test.

15. Other non-African Americans did not have to wait as Mr. Edmondson did to get a raise.

16. On or about September 20, 2013, VAM terminated Mr. Edmondson, falsely accusing him of using profanity and acting inappropriately toward another, non-African American VAM employee.

17. VAM's intentional, malicious, or recklessly indifferent acts or omissions caused Mr. Edmondson significant damages, including, but not limited to, emotional distress and lost back and front pay.

## VI.   HARASSMENT AND DISCRIMINATION UNDER TITLE VII

18. Mr. Edmondson re-alleges and incorporates by reference the preceding paragraphs as set out in full.

19. Mr. Edmondson is an employee within the meaning of Title VII and belongs to a class protected under the statute, African American.

20. VAM is an employer within the meaning of Title VII.

21. VAM intentionally discriminated against Mr. Edmondson because of his race in violation of Title VII by treating Mr. Edmondson differently than non-African American employees by refusing to train him for advancement positions, refusing to pay him for his job as a buck-on operator for six months, and by wrongfully terminating Mr. Edmondson.

22. VAM harassed Mr. Edmondson because of his race in violation of Title VII by treating Mr. Edmondson differently than non-African American employees by refusing to train

him for advancement positions, and refusing to pay him for his job as a buck-on operator for six months.

23. Mr. Edmondson was qualified for the position he held.

24. VAM knew or should have known of the harassment, but it failed to take prompt remedial action.

25. VAM treated Mr. Edmondson differently from other similarly situated employees.

26. VAM's harassment and discrimination concerned Mr. Edmondson's employment contract.

27. VAM's actions were motivated by "malice" or "reckless" indifference to Mr. Edmondson's federally protected rights.

28. Mr. Edmondson suffered damages as a result of VAM's unlawful actions.

### VII.   VIOLATION OF 42 U.S.C. § 1981

29. Mr. Edmondson re-alleges and incorporates by reference the preceding paragraphs as set out in full.

30. Mr. Edmondson sues VAM for intentional race discrimination under § 1981.

31. In order to establish a claim under § 1981, it must be shown that (1) Mr. Edmondson is a member of a racial minority; (2) an intent to discriminate on the basis of race by the VAM; and (3) the discrimination concerned the making and enforcing of Mr. Edmondson's employment contract.[1]

32. Mr. Edmondson is a racial minority, an African American.

33. VAM's intent to discriminate is evidenced by VAM's treating Mr. Edmondson differently than non-African American employees by refusing to train him for advancement

---

[1] *See Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994) (citing *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993)).

positions, refusing to pay him for his job as a buck-on operator for six months, and by wrongfully terminating Mr. Edmondson.

## VIII. DAMAGES

34. As a direct and proximate result of VAM's conduct, Mr. Edmondson suffered the following injuries and damages:

    a. Mr. Edmondson was denied a promotion, resulting in loss of pay and benefits;

    b. Mr. Edmondson was discharged from employment with VAM. Although Mr. Edmondson has diligently sought other employment, he has been unable to find a job at comparable pay;

    c. Mr. Edmondson suffered loss of his retirement benefits; and

    d. Mr. Edmondson suffered mental anguish and emotional distress.

## IX. ATTORNEY'S FEES

35. Mr. Edmondson is entitled to an award of attorney's fees and costs under Title VII, 42 U.S.C. § 2000e-5(k).

36. Mr. Edmondson is further entitled to attorney's fees and costs based on VAM's violations of 42 U.S.C. § 1981.

## X. JURY DEMAND

37. Mr. Edmondson, pursuant to Rules 81 and 38 of the Federal Rules of Civil Procedure, hereby demand trial by jury on all claims for relief set forth in Mr. Edmondson's Original Complaint.

## XI. PRAYER

38. Mr. Edmondson asks for judgment against VAM for the following:

a. actual damages;

b. punitive damages;

c. exemplary damages;

d. consequential damages;

e. compensatory damages;

f. special damages;

g. interest before and after judgment as provided by law;

h. reasonable and necessary attorneys' fees (including, but not limited to, expert witness fees);

i. lost back wages and interest on the lost back pay;

j. lost front wages;

k. costs of court; and

l. all other and further relief to which Mr. Edmondson is justly entitled.

Respectfully submitted,

SIMON HERBERT & MCCLELLAND, LLP


*/s/ Shane A. McClelland*
SHANE A. McCLELLAND
Texas Bar No. 24046383
3411 Richmond Avenue, Ste. 400
Houston, Texas 77046
Telephone: 713-987-7100
Facsimile: 713-987-7120

**ATTORNEY FOR PLAINTIFF, J.R. EDMONDSON**